IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | **INDICTMENT** |
| Plaintiff, | § § § | |
| v. | § § | Cause No. EP-12-CR-_____-__ |
| ALBERT G. TORRES (1) and LORENZO AVALOS (2) | § § § § § § § § § § § § | [Violations: Count 1: 18 U.S.C. §§ 1349, 1343 and 1346 Conspiracy to Commit Wire Fraud and the Deprivation of Honest Services] Counts 2-4: 18 U.S.C. §§ 1343 and 1346 [Wire Fraud and the Deprivation of Honest Services] Notice of Government's Demand for Forfeiture |
| Defendants. | | |

THE GRAND JURY CHARGES:

**EP12CR1959**

**COUNT ONE**
**(18 U.S.C. § 1349, 1343 and 1346)**
**CONSPIRACY TO COMMIT WIRE FRAUD AND THE**
**DEPRIVATION OF HONEST SERVICES**

**INTRODUCTION**

At all times relevant to this Indictment:

1. The City of El Paso, Texas ("City of El Paso"), is located in the Western District of Texas.

2. The defendant, ALBERT G. TORRES, was the president of G.O.T. Supply, Inc., located in the Western District of Texas.

3. The defendant, LORENZO AVALOS, was an employee of the City of El Paso.

4. MV was an employee of the City of El Paso.

5. The City of El Paso's Fleet Services Division was a division within the City of El Paso's General Services Department that was responsible for the maintenance and repair of City of El Paso vehicles, including garbage trucks owned by the City of El Paso.

6. The City of El Paso's Environmental Services Department (formerly known as the Solid Waste Department) was a department of the City of El Paso that operated the City of El Paso's fleet of garbage trucks and was responsible for the collection of solid waste in the City of El Paso.

## CONSPIRACY

Beginning on or about January 27, 2006 and continuing through on or about October 8, 2008, in the Western District of Texas, and elsewhere, the defendants,

**ALBERT G. TORRES and
LORENZO AVALOS**

conspired and agreed together, and with others, including MV, to commit offenses against the United States, that is Wire Fraud, in that the defendants conspired together and with others, including MV, to knowingly to devise a scheme and artifice to defraud the City of El Paso, Texas of the right to honest services of defendants, **LORENZO AVALOS** and MV, employees of the City of El Paso, and conspired to knowingly devise a scheme to obtain money and property by means of materially false and fraudulent pretenses, representations and promises; that is, defendant **LORENZO AVALOS** and MV agreed to receive bribes and kickbacks from defendant **ALBERT G. TORRES** in exchange for facilitating and causing the City of El Paso to purchase automotive parts for City of El Paso garbage trucks from G.O.T. Supply and in exchange for facilitating and causing City of El Paso garbage trucks to be sent to G.O.T. Supply for repair and service; and in furtherance of the scheme to deprive the City of El Paso, Texas of the honest services of the defendant, **LORENZO AVALOS** and MV, and in furtherance of the scheme to obtain money and property by materially false and fraudulent pretenses, representations, and promises, the defendants, knowing the unlawful

purpose of the conspiracy and having willfully joined the conspiracy, did conspire to cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures and sounds including electronic funds transfer from the City of El Paso to G.O.T. Supply, Inc., all in violation of Title 18 United States Code, Sections 1349, 1346 and 1343.

## SCHEME AND ARTIFICE TO DEFRAUD

In furtherance of the conspiracy to defraud and to further the objectives of the conspiracy, it was part of the scheme and artifice to defraud that:

1. **ALBERT G. TORRES** was the president of G.O.T. Supply, Inc. ("G.O.T. Supply"), a company located in El Paso, Texas, in the Western District of Texas.

2. On or about November 15, 2005, **ALBERT G. TORRES**, on behalf of G.O.T. Supply, entered into a contract with the City of El Paso to provide automotive parts for garbage trucks owned by the City of El Paso. Under the provisions of the contract, G.O.T. Supply was to provide new automotive parts for City of El Paso garbage trucks. As part of the contract, G.O.T. Supply was required to comply with a price list provided to the City of El Paso as part of G.O.T. Supply's bid for the contract.

3. Beginning on or about May 30, 1988 and continuing until on or about August 30, 2008, the defendant, **LORENZO AVALOS**, was Fleet Maintenance Chief for the City of El Paso and was responsible for oversight of the repair and service of City of El Paso garbage trucks. As Fleet Maintenance Chief, defendant **LORENZO AVALOS**, determined whether to purchase replacement parts for City of El Paso vehicles, including garbage trucks, and whether to repair or service City of

El Paso vehicles, including garbage trucks, using the City of El Paso's Fleet Services Division's repair facilities, or by using an outside vendor.

Beginning on or about January 27, 2006 and continuing until on or about July 31, 2008, the defendant **ALBERT G. TORRES** agreed to pay the defendant **LORENZO AVALOS** sums of United States currency in the form of cash and checks. In exchange, **LORENZO AVALOS** agreed to facilitate and cause the purchase of garbage truck automotive parts by the City of El Paso from G.O.T. Supply, and agreed to facilitate and cause City of El Paso garbage trucks be repaired and serviced by G.O.T. Supply, instead of the Fleet Services Division.

4. In furtherance of the scheme and artifice to deprive the City of El Paso, Texas of the honest services of the defendant **LORENZO AVALOS**, and in furtherance of the scheme to obtain money and property by materially false and fraudulent pretenses, representations, and promises, defendants **ALBERT G. TORRES** and **LORENZO AVALOS** conspired to cause and caused payments to be transmitted from the City of El Paso to G.O.T. Supply by means of wire communications in interstate commerce the following writings, signs, signals and sounds:

| Sent By | Date Sent | Payment Amount | Sent To | Method |
|---|---|---|---|---|
| City of El Paso | October 9, 2007 | $18,747.63 | G.O.T. Supply | Automated Clearing House |
| City of El Paso | January 1, 2008 | $16,471.13 | G.O.T. Supply | Automated Clearing House |
| City of El Paso | April 24, 2008 | $ 20,352.89 | G.O.T. Supply | Automated Clearing House |

5. Beginning on or about May 30, 2001 and continuing until on or about December 12, 2008, defendant MV was employed by the City of El Paso as a Solid Waste Superintendent in the City of El Paso's Environmental Services Division. In his capacity as a Solid Waste Superintendent, MV was responsible for oversight of the maintenance of the City of El Paso's garbage truck fleet. In this capacity, MV had authority to decide whether to purchase automotive parts for garbage trucks, whether to send a garbage truck to the City of El Paso's Fleet Services Division for repair or service, or to an outside vendor for repair.

6. Beginning on or about October 19, 2006 and continuing until on or about October 8, 2008, defendant **ALBERT G. TORRES** agreed to pay MV bribes and kickbacks by giving MV money in the form of checks written from a G.O.T. Supply bank account. In exchange, MV agreed to facilitate and cause the purchase of garbage truck automotive parts by the City of El Paso from G.O.T. Supply, and agreed to facilitate and cause City of El Paso garbage trucks to be repaired and serviced by G.O.T. Supply, instead of the Fleet Services Division.

7. In furtherance of the scheme and artifice to defraud the City of El Paso, Texas of the right to honest services of the defendants, and in furtherance of the scheme to obtain money and property by materially false and fraudulent pretenses, representations, and promises, defendant **ALBERT G. TORRES** and MV conspired to cause and caused payments to be transmitted from the City of El Paso to G.O.T. Supply by means of wire communications in interstate commerce the following writings, signs, signals and sounds:

| Sent By | Date Sent | Payment Amount | Sent To | Method |
|---|---|---|---|---|
| City of El Paso | April 16, 2008 | $ 15,843.05 | G.O.T. Supply | Automated Clearing House |
| City of El Paso | June 18, 2008 | $ 19,787.88 | G.O.T. Supply | Automated Clearing House |
| City of El Paso | August 4, 2008 | $ 10,876.15 | G.O.T. Supply | Automated Clearing House |

8. **ALBERT G. TORRES**, through G.O.T. Supply, charged the City of El Paso, and was paid by the City of El Paso, for automotive parts that were greater than the prices listed as part of G.O.T. Supply's contract with the City. Additionally, defendant **ALBERT G. TORRES** charged, and was paid by the City of El Paso, for automotive parts that were not listed in the price list. In addition, **ALBERT G. TORRES** also provided garbage truck automotive parts that were not new as required by the contract, but were refurbished parts, rebuilt parts, or in some instances, were the existing part made to appear new. Defendant **ALBERT G. TORRES** also billed the City of El Paso, and was paid by the City of El Paso, service charges for repairing and servicing City of El Paso garbage trucks. All in violation of Title 18 United States Code Sections 1349, 1343 and 1346.

### COUNTS TWO THROUGH FOUR
### (18 U.S.C. §§1343, 1346)
### WIRE FRAUD AND THE DEPRIVATION OF HONEST SERVICES

The Grand Jury realleges and incorporates the Introduction of this indictment as if fully set forth herein.

The Grand Jury further realleges and incorporates the Scheme and Artifice to Defraud as if fully set forth herein.

On or about October 10, 2007 continuing until on or about April 24, 2008, in the Western District of Texas, and elsewhere, the defendants,

**ALBERT G. TORRES and**
**LORENZO AVALOS**

knowingly devised a scheme and artifice to defraud the City of El Paso, Texas of the right to honest services of defendant **LORENZO AVALOS**, an employee of the City of El Paso; and knowingly devised a scheme to obtain money and property by means of materially false and fraudulent pretenses, representations and promises; that is, defendant **ALBERT G. TORRES** paid bribes and kickbacks to defendant **LORENZO AVALOS** in exchange for **LORENZO AVALOS** facilitating and causing the purchase by the City of El Paso of garbage truck automotive parts from G.O.T. Supply and in exchange for defendant **LORENZO AVALOS** facilitating and causing the City of El Paso to send garbage trucks to be repaired and serviced by G.O.T. Supply; and in furtherance of the scheme to deprive the City of El Paso, Texas of the honest services of the defendant, **LORENZO AVALOS**, and to obtain money and property by materially false and fraudulent pretenses, representations, and promises, the defendants **ALBERT G. TORRES** and **LORENZO AVALOS** did knowingly and intentionally cause to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals and sounds:

| Count | Sent By | Date Sent | Payment Amount | Sent To | Method |
|---|---|---|---|---|---|
| **Two** | City of El Paso | October 9, 2007 | $18,747.63 | G.O.T. Supply | Automated Clearing House |
| **Three** | City of El Paso | January 1, 2008 | $16,471.13 | G.O.T. Supply | Automated Clearing House |
| **Four** | City of El Paso | April 24, 2008 | $ 20,352.89 | G.O.T. Supply | Automated Clearing House |

All in violation of Title 18, United States Code Sections 1343 and 1346.

### NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
### [18 U. S. C. § 981(a)(1)(C) and 28 U.S.C. § 2461]

1. The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343, 1346 and 1349 set forth in Counts One through Four of this Indictment, the defendants, **ALBERT G. TORRES** and **LORENZO AVALOS**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to, the following:

    a. a sum in United States Currency representing the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable.

## SUBSTITUTE ASSETS

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

Foreperson of the Grand Jury

ROBERT PITMAN
UNITED STATES ATTORNEY

By: _____
Assistant United States Attorney